

FILED

10 SEP 20 PM 2:44

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:        DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CRUZ,<br><br>                Plaintiff,<br><br>vs.<br><br><br>MORTGAGE LENDERS NETWORK, USA; et al.,<br><br>                Defendants. | CASE NO. 09-CV-1679 BEN (AJB)<br><br>ORDER:<br><br>(1) GRANTING DEFENDANT SPECIALIZED LOAN SERVICING'S MOTION TO DISMISS;<br><br>(2) GRANTING DEFENDANT NATIONAL CITY MORTGAGE'S MOTION TO DISMISS; AND<br><br>(3) DENYING AS MOOT DEFENDANT NATIONAL CITY MORTGAGE'S MOTION TO STRIKE<br><br>[Docket Nos. 25, 27] |

      Before the Court is Defendant Specialized Loan Servicing's ("SLS") Motion to Dismiss (Docket No. 25) and Defendant National City Mortgage's ("NCM") Motion to Dismiss and Motion to Strike[1] Plaintiff Jorge Cruz's First Amended Complaint ("FAC"). (Docket No. 27). For the reasons discussed below, the Motions to Dismiss are **GRANTED** and the Motion to Strike is **DENIED as moot.**

---

      [1]     NCM's Motion to Dismiss and Motion to Strike was filed by PNC Bank, National Association, as successor by merger to National City Bank, formerly doing business as National City Mortgage. Fed. R. Civ. P. 25(c).

## BACKGROUND

This action arises from the refinancing of residential real property located at 3118 Quiet Hills Place, Escondido, California ("Property"). Plaintiff alleges he refinanced the Property through two loans on or around November 17, 2006 and February 27, 2007. (FAC ¶¶ 15, 16.) Defendant Mortgage Lenders Network USA originated the loan, and Defendant OPOL Property and Finance was Plaintiff's broker for the loan. (FAC ¶¶ 2-3.) According to the Complaint, SLS and NCM (together, the "Loan Servicers") serviced the loan. (FAC, ¶¶4-5.) Plaintiff alleges he cannot afford the loan and does not dispute that, at the time he filed his FAC, he was in default under the loan in excess of $23,000. (FAC ¶¶ 18, 81; RJN,[2] Ex. 3.)

On August 4, 2009, Plaintiff initiated this action against Mortgage Lenders Network USA, Wilshire Mortgage, SLS and NCM (collectively, "Defendants"). (Docket No. 1.) The Court granted SLS and NCM's motions to dismiss, but granted Plaintiff leave to amend. (Docket No. 22.) Plaintiff filed a FAC, and SLS and NCM now move to dismiss the FAC.

Plaintiff alleges, among other things: Defendants convinced Plaintiff to refinance with offers of favorable loan terms (FAC ¶ 17); Defendants misrepresented the terms of the loans (FAC ¶ 18); Defendants failed to provide proper disclosures, as required by applicable law (FAC ¶¶ 19, 27); and Defendants engaged in unlawful debt collection practices (FAC ¶¶ 58-70).

## DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). The plausibility standard means that the complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of. *Id.* at 556. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertions[s]' devoid of 'further factual

---

[2]   "RJN," as that term is used herein, refers to the Request for Judicial Notice filed by NCM in support of NCM's Motion to Dismiss and Motion to Strike. (Docket No. 27.)

enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557). Plaintiff asserts three federal claims: Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; Truth in Lending Act ("TILA") damages, 15 U.S.C. § 1601 *et seq.*; and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Applying the plausibility standard here, the Court finds that Plaintiff's FAC fails to state a federal claim for relief against SLS and NCM.

**I.    *First Claim for Relief: Violation of RESPA, 12 U.S.C. § 2605***

Plaintiff alleges SLS and NCM violated 12 U.S.C. § 2605(e) by failing to respond to Qualified Written Requests. (FAC ¶¶ 40-44.) Section 2605(e) provides that, upon receiving a Qualified Written Request, a loan servicer, such as SLS or NCM, must either correct the borrower's account or, after conducting an investigation, provide the borrower with a written explanation of why the servicer believes the account is correct or why the requested information is unavailable. 12 U.S.C. § 2605(e)(2). The term "Qualified Written Request" is defined as

> written correspondence... [that] enables the servicer to identify the name and account of the borrower; and includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

In opposing the previous Motions to Dismiss, Plaintiff included copies of documents that he contended were Qualified Written Requests sent to SLS and NCM between February and March 2009. The Court considered these documents and found that none constituted a Qualified Written Request. Plaintiff has now pleaded greater details about these documents in his FAC. But, Plaintiff is describing the same documents the Court previously found were not Qualified Written Requests because each lacked any indication Plaintiff believed his account was in error or that the "other information" requested pertained to the accuracy of Plaintiff's account or the servicing of the loan. As the Court previously explained:

> Plaintiff's alleged written requests, although titled as Qualified Written Requests, do not constitute "Qualified Written Requests" as that term is used under § 2605(e). First, Plaintiff's requests do not include a statement or any other indication that Plaintiff believes his account is in error, as required by Section 2605(e)(1)(B)(ii). Although Plaintiff states he disputes any late fees charged to his account . . . , Plaintiff does not state how or why those late fees are in error. Additionally, to the extent

§ 2605(e)(1)(B)(ii) defines "Qualified Written Request" as also including requests for "other information," it is clear that this term relates to requests for information pertaining to the accuracy of a borrower's account or the servicing of the loan. *Tina v. Countrywide Home Loans, Inc.*, No. 08-cv-1233, 2008 WL 4790906, at *6 (S.D. Cal. October 30, 2008). It does not relate to requests, such as Plaintiff's requests here . . ., for a loan modification or promise from the Loan Servicers that they will not seek a deficiency from Plaintiff after foreclosing on the subject property. *Tina*, 2008 WL 4790906, at *6; *see also Keen v. Am. Home Mortg. Servicing, Inc.*, __ F. Supp. 2d __, No. CIV 09-01026, 2009 WL 3380454 (E.D. Cal. October 21, 2009).

Plaintiff's artful pleading does not change the substance of the documents the Court has already considered and found not to be Qualified Written Requests. Accordingly, Plaintiff's first claim for relief is **DISMISSED without prejudice.**

## II. Second Claim for Relief: Violation of TILA, 15 U.S.C. § 1601 et seq

Plaintiff's second claim for relief is for damages for violation of TILA. (FAC ¶¶ 45-57.) As explained in the Court's previous decision, it is well-settled that a TILA action for damages commences from the time of the disclosure violation, *i.e.*, when the loan was issued or consummated, and is barred after one year. 15 U.S.C. § 1640(e); *King v. California*, 784 F.2d 910, 913-14 (9th Cir. 1986).

It is undisputed that the loans closed in November 2006 and February 2007. (FAC ¶¶ 15-16.) Nonetheless, Plaintiff waited until August 2009, almost three years later after the first loan, to file his TILA claim for damages. Therefore, on its face, Plaintiff's second claim for relief for TILA damages is barred by the statutes of limitations.

The Court previously identified this deficiency and found Plaintiff's allegations did not show Plaintiff was entitled to equitable tolling of the one-year statute of limitations. Plaintiff's amendment of the complaint has not cured this deficiency. The allegations of the FAC still do not warrant equitable tolling.

Under Ninth Circuit law, equitable tolling applies where "the general [limitations] rule would be unjust or frustrate the purpose of [TILA]." *See, e.g., King*, 784 F.2d at 915. "To receive equitable tolling, a [plaintiff] bears the burden of showing '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). "[T]he threshold necessary to trigger equitable tolling is very high,

lest the exceptions swallow the rule." *Id.*

Here, the factual allegations of Plaintiff's FAC do not show Plaintiff pursued his rights diligently or made any attempt to investigate or discover the basis of his claims earlier. Plaintiff has added allegations in an attempt to allege his diligence, but all these efforts were made after the statute of limitations had expired. (FAC ¶ 48.)

Nor does Plaintiff identify the "extraordinary circumstances that stood in his way." Plaintiff's efforts to bolster his claim that three Defendants collectively "concealed facts" are insufficient because these allegations are not extraordinary circumstances that prevented Plaintiff, acting with diligence, from finding out about the basis of his claim within the limitations period. Plaintiff's allegations range from being rushed through signing loan documents to allegations that some of the documents contain forged signatures. Even if this conduct were true, the FAC lacks any explanation how this conduct actually prevented Plaintiff from pursuing his rights within the one year statute of limitations.

Additionally, NCM accurately points out that Plaintiff's TILA claim fails to identify which loan transaction resulted in the TILA violations. This is particularly important given that Plaintiff has failed to identify which Defendants failed to make which disclosures. In this regard, the FAC fails to provide Defendants with notice of the basis for Plaintiff's TILA claim as it applies to each Defendant.

Accordingly, Plaintiff's second claim for relief is barred by the statute of limitations and **DISMISSED without prejudice.**

### III. Third Cause of Action: Violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

"The [FDCPA] prohibits debt collectors from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). To be liable for a violation of the FDCPA, the defendant must, as a threshold requirement, be a "debt collector" within the meaning of the Act. *See Heintz*, 514 U.S. at 294.

The FDCPA defines a debt collector as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The definition of "debt collector" under the FDCPA does not include a mortgage servicing company, such as SLS or NCM. 15 U.S.C. § 1692a; *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985);

*see also Maguire v. Citicorp Retail Servs.*, 147 F.3d 232, 235-36 (2nd Cir. 1998) (generally, the FDCPA does not apply to creditors).

Here, the FAC now alleges that SLS and NCM are "debt collectors." (FAC ¶¶ 59-60.) But the facts alleged in the FAC do not support this conclusion. Rather, Plaintiff's allegations reflect that SLS and NCM were attempting to collect a debt in their own name and foreclosing on the Property. However, courts have consistently recognized that "the activity of foreclosing on . . . property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA" and loan servicing companies are not generally debt collectors. *Hulse v. Ocwen Fed. Bank,*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) (distinguishing foreclosure of interest in property from efforts to collect funds from debtor); *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) (foreclosure does not constitute debt collection under the FDCPA); *Perry*, 756 F.2d at 1208 ("debt collector does not include . . . a mortgage servicing company"); *Maguire*, 147 F.3d at 235-36. Accordingly, the FAC fails to state a claim against SLS and NCM for violation of the FDCPA. Plaintiff's third claim for relief is **DISMISSED without prejudice**.

### IV. *State Law Claims*

Plaintiff alleges ten additional state law claims, however, the Court declines to exercise supplemental jurisdiction over those claims. Where all federal claims are dismissed in an action containing both federal and state law claims, a federal court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. §1367. "With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise. A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 129 S. Ct. 1862, 1866 (2009) (citations omitted).

Section § 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . .
>
> > (3) the district court has dismissed all claims over which it has original jurisdiction, . . .

According to § 1367(c)(3), when all of the federal claims are dismissed before trial, a federal court ordinarily should decline to exercise jurisdiction over supplemental state claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966) ("pendant jurisdiction is a doctrine of discretion, not of plaintiff's right . . . . If the federal claims are dismissed before trial . . . the state claims should be dismissed as well."); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-50 (1988). The Ninth Circuit has consistently ruled that when federal claims are dismissed, it is within the court's discretion to dismiss the state law claims, and that in the usual case the state claims should be dismissed. *Notrica v. Bd. of Supervisors*, 925 F.2d 1211, 1213-14 (9th Cir. 1991); *see also Bryant v. Adventist Health System/West*, 289 F.3d 1162, 1169 (9th Cir. 2002). Here, the federal claims are being dismissed well before trial. Therefore, using its discretion, this Court declines to exercise supplemental jurisdiction over the state law claims and dismisses those claims.

## V.   Motion to Strike

At the time it filed its Motion to Dismiss, NCM also filed a Motion to Strike. (Docket No. 27.) Given the Court's dismissal of Plaintiff's claims against NCM in this action, NCM's Motion to Strike is **DENIED AS MOOT**.

## REQUEST FOR JUDICIAL NOTICE

In ruling on a motion to dismiss, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). To the extent not inconsistent with the above, the Court **GRANTS** NCM's request for judicial notice. (Docket No. 27.)

## LEAVE TO AMEND

Plaintiff requests leave to amend the FAC. FRCP 15 provides, "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Although the Court has serious doubts about Plaintiff's ability to cure these deficiencies, the Court grants Plaintiff's request for leave to file a Second Amended Complaint. The Court cautions Plaintiff that if the Second Amended Complaint does not cure the deficiencies articulated by the Court, Plaintiff's claim may be dismissed without any further leave to amend. Any amended complaint, should Plaintiff choose to amend, must be filed within 30 days of the entry of this Order.

## CONCLUSION

In light of the above, the Court **GRANTS** SLS and NCM's Motions to Dismiss, and **DENIES as moot** NCM's Motion to Strike. Plaintiff's claims against SLS and NCM in this action are hereby **DISMISSED without prejudice**. Plaintiff may file an amended Complaint, if any, within 30 days of entry of this Order.

**IT IS SO ORDERED.**

Date: September 10, 2010

Hon. Roger T. Benitez
United States District Court Judge